FILED

2015 Mar-10  PM 04:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **WALTER HILL, individually** | ) | |
| **and on behalf of all similarly situated** | ) | |
| **individuals,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Case No.: _____** |
| | ) | **CLASS ACTION** |
| **HOLT and COOPER, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

COMES NOW the Plaintiff, Walter Hill, (hereafter the "Plaintiff") by counsel, and for his complaint against the above-named Defendant, alleges as follows:

## JURISDICTION AND VENUE

1.      The jurisdiction of the Court is invoked pursuant to 15 U.S.C. § 1692k(d), and 28 U.S.C. 1331. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

## PRELIMINARY STATEMENT

2.      This is an action for statutory damages, costs and attorney's fees brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). Plaintiff brings this action individually and on behalf of all others

1

similarly situated recover damages by reason of the Defendant's violation of the FDCPA. The violating actions addressed in this Complaint stem from attempts to collect a debt without providing the requisite notice of the consumer's right to dispute the debt.

## **PARTIES**

3.  The Plaintiff is a natural person and resident of Calera, Alabama. He is a "consumer" as defined by 15 U.S.C. § 1692a(3).

4.  Holt and Cooper, LLC, ("Holt and Cooper") is a domestic limited liability company which is, upon information and belief, incorporated under the laws of the state of Alabama and has its principal place of business in the Birmingham, Alabama. At all relevant times, Holt and Cooper was engaged in business within the State of Alabama, including the collection of debts. Holt and Cooper is regularly engaged in the practice of collecting defaulted debts owed to others.

5.  The mails and interstate wire communications are used to conduct the business of Holt and Cooper.

6.  Holt and Cooper is a debt collector as defined in the FDCPA.

## **FACTS**

7.  On or about December 12, 2014, Defendant contacted Plaintiff by the

use of a collection letter demanding payment in the amount of $522.96.[1] The creditor

was identified as "Shades Mountain Imaging" with an account number listed on the

letter, account number 14-01742-0.

       8.     The December 12, 2014 communication contained the following

language located in the first paragraph of the front page:

> Legal proceedings may be filed within five days from the date of this
> letter if this account is not paid in full. To avoid additional costs your
> payment must be received in this office on or before that date.

And in the third paragraph of the letter, the following language is present:

> UNLESS YOU NOTIFY US WITHIN 30 DAYS AFTER THE
> RECEIPT OF THIS LETTER THAT THE VALIDITY OF THIS
> DEBT, OR ANY PORTION OF IT, IS DISPUTED, WE WILL
> ASSUME THAT THE DEBT IS VALID. IF YOU DO NOTIFY US
> OF A DISPUTE, WE WILL OBTAIN VERIFICATION OF THE
> DEBT AND MAIL IT TO YOU. ALSO, UPON YOUR WRITTEN
> REQUEST WITHIN 30 DAYS, WE WILL PROVIDE YOU WITH
> THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF
> DIFFERENT FROM THE CURRENT CREDITOR. WE MAY
> PROCEED WITH SUIT AGAINST YOU WITHOUT WAITING THE
> 30 DAYS IF SO REQUESTED BY OUR CLIENT. THIS LETTER IS
> AN ATTEMPT TO COLLECT A DEBT, AND ANY
> INFORMATION OBTAINED WILL BE USED FOR THAT
> PURPOSE.

       9.     15 U.S.C. § 1692g(a)(3) states that a consumer can, within 30 days after

receipt of the  debt collector's notice, dispute the validity of the debt. A debt collector

---

[1] The collection letter is filed herewith as Exhibit One and incorporated by reference.

has no obligation to obtain verification of a debt unless such request is made in writing. See 15 U.S.C. § 1692g(a)(4) which states in part, "if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector[.]"

10.     Furthermore, in order to trigger a consumer's rights under 15 U.S.C. § 1692g(a)(4) and 15 U.S.C. § 1692g(b) such a dispute must be in writing and must be must made within 30 days of the initial communication by a debt collector.

11.     If the debt is disputed in writing, a consumer is entitled to a stay of collection. See 15 U.S.C. § 1692g(b), which says in part, "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector."

12.     The collection letter at issue is deceptive and violates 15 U.S.C. § 1692e(10)  because it does state that a validation request must be made in writing.

13.     15 U.S.C. § 1692e(11) is violated if a debt collector fails, "to disclose in subsequent communications that the communication is from a debt collector[.]"

The collection letter at issue also 15 U.S.C. § 1692e(11) because it does state that a it is from a debt collector.

14.    Exhibit One, the letter at issue here, violates the FDCPA in other ways. It states in the first paragraph that, "Legal proceedings may be filed within five days from the date of this letter if this account is not paid in full. To avoid additional costs your payment your payment must be received in this office before that date." This language flatly contradicts and overshadows the statement, and the fact, that a consumer has 30 days to dispute the debt.

15.    The Exhibit One is inaccurate and misleading and does not comply with the requirements set forth under 15 U.S.C. § 1692g.

## COUNT ONE
## (FDCPA VIOLATIONS)

16.    Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

17.    This is a claim asserted against Holt and Cooper for violations of the FDCPA.

18.    Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

19.    Defendant has violated the FDCPA in connection with its attempts to collect the account from Plaintiff.

20.     Defendant's violations include, but are not limited to, failing to comply with the requirements of 15 U.S.C. §1692g and § 1692e.

15.     As a result of its violations of the FDCPA, Holt and Cooper is liable to Plaintiff for statutory damages, plus costs and attorney's fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant Holt and Cooper for the following:

A.      Statutory damages pursuant to 15 U.S.C. 1692k;

B.      Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

C.      Such other and further relief as this Court deems just and proper, the premises considered.

## COUNT TWO
### (CLASS ACTION ALLEGATIONS)

16.     Plaintiff realleges and adopts all of the relevant foregoing paragraphs contained in this complaint.

17.     Plaintiff requests this court to certify this action as a class action as provided by Federal Rules of Civil Procedure, Rule 23, and realleges and incorporates by reference the allegations and counts of complaint on behalf of all those persons hereinafter described belonging to the class or any sub-class therein.

18.     Plaintiff brings this action on behalf of himself and all members of the

6

class composed of persons who have been were subjected to collection activity by Holt and Cooper that was in violation of the FDCPA of the type(s) involved in this transaction and who are entitled to some or all of the relief requested herein.

19.     The class is initially defined as follows:

> All persons to whom Defendant sent collection letters in the form of Exhibit One, containing the same or substantially the same language, in an attempt to collect a consumer debt, during a period that began 12 months before the filing of this complaint.

20.     Plaintiff avers that the class is so numerous, that joinder of all members is impractical. Plaintiff further avers that there are questions of law or fact common to the class relating to the conduct of the defendant regarding said claims. Plaintiff further avers that their claims or defenses, as representative of the class, are typical of the class. Plaintiff further avers that in a representative capacity he will fairly and adequately protect the interest of the class.

21.     Each class member has, or has been subjected to collection activity in violation of the FDCPA.

22.     Names and addresses of class members are presently unknown to plaintiff, but can be readily ascertained from the defendant's business records.

23.     Common or similar issues of law and fact predominate over individual issues.  These common issues include, but are not limited to the following:

    a.    Did the Defendant sent collection letters in the form of the December 12, 2014 or otherwise containing the identical language, in an attempt to collect a consumer debt;

    b.    What is the appropriate remedy for Defendant's violation of the FDCPA.

24.    Proof of common facts and legal doctrines by the representative plaintiff consumer will determine the claims of each member of the class.

25.    This class action proceeding will provide a practical basis for the determination of all interest of the parties, prevent inconsistent adjudications, maximize judicial economy, and is superior to all other available methods of fair and efficient adjudications of the controversy.

26.    The named representative's claims are typical and representative of the class or sub-class claims.

27.    It is and was the practice of Holt and Cooper to attempt debt collection that was in violation of the FDCPA as stated in the above.

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated pray as follows:

    a.    That this court determine that this cause may proceed as a class action, that Plaintiff be appointed as class representative, that the undersigned

be appointed as the attorney for the class.

b.        That this court award Plaintiff and the members of the class statutory

damages for all losses incurred by them.

c.        That the cost of prosecution and reasonable attorneys' fees be awarded

to the attorney for Plaintiff and the Plaintiff's Classes.

d.        For such other and further relief as this court deems just and equitable.

**TRIAL BY JURY IS DEMANDED**.

RESPECTFULLY SUBMITTED this the 10th day of March, 2015.


/s/ Earl P. Underwood, Jr.
EARL P. UNDERWOOD, JR.  (UNDEE6591)
KENNETH J. RIEMER (RIEMK8712)
*Attorneys for Plaintiff and Proposed Class*


UNDERWOOD & RIEMER, PC
21 S Section Street
Fairhope, Alabama  36532
Telephone: (251) 432-9212
Facsimile: (251) 990-0626
epunderwood@alalaw.com
kjr@alaconsumerlaw.com

**DEFENDANTS CAN BE SERVED AT THE FOLLOWING ADDRESSES:**

| | |
|---|---|
| Registered Agent Name | MAURO, KELLI HOGUE<br>1020 FRANK NELSON BLDG |
| Registered Office Street Address | 205 N 20TH ST<br>BIRMINGHAM, AL 35203 |