FILED
 2015 Jul-06  PM 03:29
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| WALTER HILL, individually and on behalf of all similarly situated individuals,<br><br>  Plaintiff,<br><br>v.<br><br>HOLT and COOPER, LLC,<br><br>  Defendant. | CIVIL ACTION NO.:<br>2:15-cv-00412-KOB |

## REPORT OF THE PARTIES' PLANNING MEETING REGARDING CLASS CERTIFICATION

**Appearances:** Pursuant to Rule 26(f), F.R.C.P., the undersigned counsel for the Defendant and undersigned counsel for Plaintiff conferred on multiple occasions, via telephone and e-mail, and conducted the planning meeting in accordance with the Local Rules adopted by the Northern District. The parties submit this Proposed Report of Parties' Planning Meeting Regarding Class Certification.

 (a) **Plaintiff's brief narrative statement of the facts.**

This is a class action case for statutory damages, costs and attorney's fees brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692

1

("FDCPA"). Plaintiff brings this action individually and on behalf of all others similarly situated to recover damages by reason of the Defendant's violation of the FDCPA. The violating actions addressed in this Complaint stem from attempts to collect a debt without providing the requisite notice of the consumer's rights under the FDCPA.

**(b) Defendant's brief narrative statement of the facts and the defenses:**

Plaintiff Walter Hill received medical services from Shades Mountain Imaging for which he was billed. He did not pay the bill. As a result, Shades Mountain Imaging referred the matter to Holt & Cooper, LLC, to pursue efforts to recover on the overdue bill. In its efforts, Holt & Cooper, LLC, sent two letters to Mr. Hill. It is the wording of those letters that is the basis of the Plaintiff's claims against the Defendant and it is the wording of those letters that may have been sent to others that is the basis for the seeking of Class Action status for this case.

The Defendant contends that this matter is not appropriate for Class Certification pursuant to Rule 23 of the *Federal Rules of Civil Procedure*.

Defendant denies all liability and wrongdoing under the law in sending the letters to the plaintiff. Defendant contends that it adhered to the provisions of applicable law in corresponding with the plaintiff. Should this Court rule otherwise, the lawsuit should still be dismissed because any violation was

unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation.  The defenses set out in the Answer are asserted:

This Defendant pleads all limitations of damages provisions of the FDCPA.

This Defendant pleads the defense of bona fide error.

This Defendant denies that it violated the FDCPA, but if there was any violation of the FDCPA, it was unintentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such an error.

Assuming the Plaintiff has suffered any damages, he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

This Defendant reserves the right to add any additional defenses which may arise during the course of discovery.

**Pre-Discovery Disclosures:**

The parties will provide the information required by Fed. R. Civ. P. 26(a)(1) by **August 3, 2015**.

**Discovery Plan:**  The Parties propose to the Court the following discovery plan:

Discovery will be limited to class certification, including the following issues:

a. Whether the class is so numerous that joinder of all class members is impracticable.

b. Whether there are questions of law or fact common to the class.

c. Whether the claims of the representative parties are typical of the claims of the class.

d. Whether the representative parties will fairly and adequately protect the interests of the class.

**Interrogatories:** Each party will be permitted to propound a maximum of **25** interrogatories to any other party. The responses will be due 30 days after service.

**Requests for Admission:** Each party will be permitted to propound a maximum of **25** requests for admission to any other party. The responses will be due 30 days after service.

**Depositions:** Each party may depose a maximum of **10** individuals, excluding experts, with each deposition lasting no longer than eight hours.

**Requests for production:** Each party will be permitted to propound a maximum of **30** requests to any other party.

**Non-Party Subpoenas.** The parties agree, excluding exceptional circumstances, to provide five (5) business days' notice of intention to serve a non-party subpoena by serving a copy of the subpoena to be served on each party by e-mail.  Reasonable notice (five business days, excluding exceptional circumstances) must be given to each party of any objections or modifications to a subpoena, as well as for the receipt of documents, electronically stored information, or tangible things, and such material will be made available to each party for inspection and copying in a timely manner (within five business days, excluding exceptional circumstances).

**Discovery cutoff:** All discovery on the issue of class certification must be commenced in time to be completed by **November 9, 2015.**

 **Other Items**:

**Class Certification:** The parties request a hearing on the issue of class certification to be determined by the Court after the deadline for discovery on class certification.

In the event that the Court determines that class certification is appropriate for this action, the parties request that they be permitted **45 days** after such decision is made to submit a proposed scheduling order to this Court.

**Additional Parties, Claims and Defenses:** Plaintiff has until **August 1, 2015**, to join additional parties and add additional claims, and defendant has until **September 1, 2015**, to join additional parties or add additional defenses.

**Settlement:** Settlement and the possibility for mediation cannot reasonably be evaluated until some discovery is completed.

**ATTORNEY FOR DEFENDANT**

*s/ Larry W. Harper*
LARRY W. HARPER
(ASB-3074-R54L; HARPL3074)
CHRISTIE J. STRANGE
(ASB-6008-H61S; STRAC6008)
PORTERFIELD, HARPER, MILLS,
    MOTLOW & IRELAND, P.A.
22 Inverness Center Pkwy., Suite 600
Birmingham, Alabama 35242
Telephone: 205-980-5000
E-mail: lwh@phm-law.com
            cjs@phm-law.com


**ATTORNEY FOR PLAINTIFF**

*s/ Earl P. Underwood, Jr.(with consent)*
EARL P. UNDERWOOD, JR.
UNDERWOOD & RIEMER, PC
21 S. Section Street
Fairhope, Alabama 36532
Telephone: 251-990-5558
E-mail: epunderwood@alalaw.com